IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS MIGUEL ROMAN on behalf of himself individually, and ALL OTHERS SIMILARLY SITUATED | § § § § § | |
| | § | Civil Action No. |
| Plaintiffs, | § § | |
| v. | § § | COLLECTIVE ACTION (JURY TRIAL) |
| HTX GROUP, LLC. | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1. HTX Group, LLC. does not pay its Sheetrock Installers overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the FLSA). Instead, HTX Group, LLC. pays its Sheetrock Installers straight time, not time and a half for overtime hours worked. Because these workers are employees under the FLSA, Luis Miguel Roman, and the other Sheetrock Installers are entitled to recover unpaid overtime as well as other damages, including damages for unlawful retaliation.

2. HTX Group, LLC. has a policy, enforced at all of its locations throughout the United States, denying Plaintiff and putative class members compensation at time and a half, and paying only straight time for hours worked above forty (40) per week.

3. Defendant HTX Group, LLC. is a Domestic Limited Corporation with locations throughout Texas. It may be served with process through its Registered Agent, Adnan Virani at 15406 Driftwood Oak Court, Houston, Texas 77059.

4. Whenever in this complaint it is alleged that the named Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees committed such act or omission and that at the time such act or omission was committed, it was done in the routine normal course and scope of employment of Defendant's officers, directors, vice-principals, agents, servants, parent company, subsidiaries or employees.

5. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA 29 U.S.C. § 203(r).

6. To be clear, this complaint and the allegations contained herein are of the conduct of Defendant HTX Group, LLC. who maintained a uniform pay policy denying overtime wages to its Sheetrock Installers and paying them only straight time for hours worked above forty at all of its locations throughout the state of Texas and the United States.

7. Defendant HTX Group, LLC. employed Plaintiff and putative class members at its Houston, Texas location and other locations throughout the state of Texas and the United States.

8. Defendant managed Plaintiff and putative class members throughout the course and scope of their employment.

9. Putative class members are all similarly situated Sheetrock Installers who were hired and worked at HTX Group, LLC. and were paid straight time instead of time and a half for hours worked above forty (40) per week during the past three years.

### JURISDICTION AND VENUE

10. This court has federal question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

11. Venue is proper because Defendant has locations in the Southern District of Texas and many of the relevant facts occurred there.

### PARTIES

12. Luis Miguel Roman ("Plaintiff") worked for HTX Group, LLC. as Sheetrock Installer. His written consent is attached.

13. Plaintiff was hired and employed by HTX Group, LLC. at its Houston, Texas location. The type of work performed by plaintiff was consistent with non-exempt employment under the FLSA. Defendant is therefore obligated to pay its non-exempt employees overtime under the FLSA.

14. The "FLSA Class Members" are all Sheetrock Installers who were hired and employed by HTX Group, LLC. at all locations throughout the United States, while not being paid time and a half for overtime hours worked in the last 3 years.

### FACTS

15. Luis Miguel Roman was an employee of HTX Group, LLC. at its location in Houston, Texas.

16. Plaintiff was not an independent contractor.

17. No exemption to the provisions of the FLSA excused Defendant from its obligation under the FLSA to pay Plaintiff time and a half for the hours worked past forty (40) each week while employed by Defendant.

18. HTX Group, LLC. paid Plaintiff straight time, not time and a half, for the hours he worked above forty (40) during his employment with Defendant.

19. The work performed by Plaintiff was the primary type of work that the company provides for its respective customers.

20. The work performed by Plaintiff was an essential part of the services provided for Defendant's Customers.

21. HTX Group, LLC.'s Sheetrock Installers relied on Defendant for their work.

22. HTX Group, LLC. determined where its Sheetrock Installers worked and how they performed their duties.

23. HTX Group, LLC. set Sheetrock Installers' hours and requires them to report to work on time and leave at the end of their scheduled hours.

24. HTX Group, LLC. Sheetrock Installers at all locations work exclusively for HTX Group, LLC. since they work between 10 and 12 hours a day, as a practical matter, they cannot work anywhere else.

25. Sheetrock Installers are not permitted to hire other workers to perform their jobs for them.

26. The Sheetrock Installers do not employ staff, nor do they maintain independent places of business.

27. Sheetrock Installers employed by Defendant are paid based upon the hours they work. They cannot earn a "profit" by exercising managerial skill, and they are required to work the hours required by HTX Group, LLC. each day.

28. The Sheetrock Installers employed by Defendant cannot suffer a loss of capital investment. Their only earning opportunity is based on the number of hours they were told to work, which is controlled exclusively by HTX Group, LLC.

29. HTX Group, LLC. pays Sheetrock Installers in return for their labor.

30. HTX Group, LLC. keeps records of the hours it instructed its Sheetrock Installers to work. Defendant also keeps records of the amount of pay Plaintiff and putative class members receive. Plaintiff and putative class members were paid directly via pay check every two weeks.

31. Despite knowing of the FLSA's requirements and that Plaintiff and putative class members regularly worked more than 40 hours in a workweek, Defendant paid them straight time instead of time and a half for the overtime hours that they worked.

32. Plaintiff and putative class members seek unpaid overtime wages for the three year period of time preceding the filing of this lawsuit.

## COLLECTIVE ACTION ALLEGATIONS

33. Sheetrock Installers worked over forty hours per week and were paid straight time instead of time and a half for overtime hours worked. These FLSA Class Members performed similar job duties and they were subjected to the same unlawful pay policies. The FLSA Class Members are similarly situated to Luis Miguel Roman.

34. The FLSA Class Members should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

**All Sheetrock Installers at HTX Group, LLC. who performed work while receiving straight time instead of time and a half for overtime hours worked in the last three years.**

### CAUSE OF ACTION – VIOLATION OF THE FLSA

35. By failing to pay Plaintiff and the FLSA Class Members overtime at one and one-half times their regular rates, HTX Group, LLC. violated the FLSA.

36. HTX Group, LLC. owes Plaintiff and the FLSA Class Members overtime wages equal to one-half their regular rates for each overtime hour worked during the last three years.

37. HTX Group, LLC. knew, or showed reckless disregard for whether, its failure to pay overtime violated the FLSA. Its failure to pay overtime to Plaintiff and the FLSA Class Members is willful.

38. HTX Group, LLC. owes Plaintiff and the FLSA Class Members an amount equal to all unpaid overtime wages as well as liquidated damages.

39. Plaintiff and the FLSA Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

### PRAYER

Plaintiff prays for relief as follows:

1. An order allowing this action to proceed as a collective action under the FLSA and directing notice to the FLSA Class Members;

2. Judgment awarding Plaintiff and the FLSA Class Members all unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA;

3. An award of post-judgment interest on all amounts awarded at the highest rate allowable by law; and

4. All such other and further relief that Plaintiff and the FLSA Class Members are justly entitled.

Respectfully submitted:

THE FOLEY LAW FIRM
By: */s/ Taft L. Foley II*

Taft L. Foley, II
Federal I.D. No. 2365112
State Bar No. 24039890
3003 South Loop West, Suite 108
Houston, Texas 77054
Phone: (832) 778-8182
Facsimile: (832) 778-8353
[Taft.Foley@thefoleylawfirm.com](mailto:Taft.Foley@thefoleylawfirm.com)

**ATTORNEYS FOR PLAINTIFFS**